WILHELM v. HAYMAN.

(Chautauqua County Court, December 21, 1910.)

1. EXECUTION (§ 406*)—SUPPLEMENTARY PROCEEDINGS—RECEIVERS—APPOINT-MENT—NOTICE.

Where the examination of a judgment debtor in supplementary proceedings was had before a referee, and he was not without the state, he was entitled to a notice of an application for the appointment of a receiver.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1164; Dec. Dig. § 406.*]

2. EXECUTION (§ 406*)—SUPPLEMENTARY PROCEEDINGS—VACATING APPOINT-MENT OF RECEIVER.

A judgment creditor, obtaining the appointment of a receiver without notice to the judgment debtor within the state, is entitled, on his own motion, to an order vacating the appointment and canceling the bond of the receiver, who has not taken possession of any of the property of the debtor, without costs to the debtor.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1164; Dec. Dig. § 406.*]

Motion by Augustus Hayman, a judgment debtor, for the vacation of an order appointing a receiver on the application of Louis F. Wilhelm, judgment creditor, and a motion by the latter for an order discharging the receiver and canceling his bond. Order vacating the appointment, and order canceling the bond of the receiver and releasing his sureties, entered.

Thomas A. Larkin, for judgment creditor.
G. W. Woodin, for judgment debtor.

OTTAWAY, J. A judgment was obtained in favor of the plaintiff and against the defendant in the Municipal Court of the City of Dunkirk. Subsequently supplementary proceedings were instituted, and upon the application of the plaintiff a receiver of the property of the defendant was appointed by an order of this court. No notice of the application for this order was given the defendant. The reasons stated by the plaintiff in his moving papers for dispensing with notice were not in compliance with section 2464 of the Code of Civil Procedure, and the defendant requests that the order appointing said receiver be vacated. After the service of the notice of motion herein the plaintiff caused to be served upon the defendant's attorney a stipulation consenting that said order be vacated without costs. The plaintiff also makes a motion for an order discharging the receiver and canceling his bond. Both of these motions came on for hearing at the same time and place—the plaintiff's counsel appearing and consenting to the vacation of the order appointing said receiver; the defendant's counsel appearing and objecting to the relief asked by the plaintiff that the receiver's bond be cancelled. It was made to appear that the receiver had not been in actual possession of any property of the judgment debtor.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The examination of the defendant having been before a referee and the defendant not being without the state, he was entitled to a notice of the application for the appointment of a receiver. Ashley v. Turner, 22 Hun, 226. The plaintiff having asked to vacate this order, and the receiver not having taken in his possession any property of the judgment debtor, the plaintiff was entitled to have the bond given by the receiver canceled and his sureties discharged. The defendant having appeared and opposed the discharge of the receiver and his bond under these circumstances, he is not entitled to cost.

Let an order be entered vacating the order of this court appointing the receiver herein, and a further order canceling the bond of the receiver and releasing his sureties, without costs to either party as against the other.