UNIVERSAL FILM EXCHANGES, INC., Judgment Creditor, Plaintiff, *v.* GEORGE W. AUSTIN, Judgment Debtor, Defendant.

Supreme Court, Orleans County, April 10, 1936.

*Herbert T. Silverberg,* for the judgment creditor, plaintiff.

*Heath & Heath [Mark Heath* of counsel], for the judgment debtor, defendant.

JAMES, J.   This is a motion on behalf of the judgment debtor to vacate an order appointing a receiver in proceedings supplementary to judgment under article 45 of the Civil Practice Act, as added by chapter 630 of the Laws of 1935, and also to vacate an order directing the judgment debtor to render a sworn account and pay certain moneys to the receiver.

It appears from the papers submitted on the motion that the judgment debtor was examined in 1935, but it does not appear whether the examination was formally concluded.   In January, 1936, the judgment creditor applied for an order appointing a receiver of the property of the judgment debtor, which order was made without notice to the judgment debtor.   Thereafter, and likewise without notice to the judgment debtor, the order directing the judgment debtor to furnish to the receiver a verified accounting of certain moneys claimed to have been received by him and directing him to pay such moneys to the receiver, was made.

The judgment debtor moves to set aside both orders upon the ground that they were made without notice to him.   It is conceded that they were so made, but the judgment creditor contends that under the provisions of section 804 of the Civil Practice Act the order appointing the receiver may be made without notice and that under section 796 of the Civil Practice Act the order directing payment may be made in the discretion of the court without notice.

The Civil Practice Act, section 804, as added by chapter 630 of the Laws of 1935, provides: " But where the order to attend and

be examined, or the warrant or subpœna has been served upon the judgment debtor a receiver may be appointed upon or after the return day thereof or at the close of the examination without further notice to him."

It is claimed that this provision authorizes the appointment of a receiver at any time after the service of the order, warrant or subpœna upon the judgment debtor without other or further notice to the latter and that application for such appointment will be made. The clause quoted is taken from section 805 of the Civil Practice Act as the same was amended in 1934, which reads the same as the quoted provision except that the words " or after " are omitted. The amendment of 1934 is, so far as this provision is concerned, taken without change from section 805 of the Civil Practice Act as originally enacted, and the source of the latter is section 2464 of the Code of Civil Procedure where the same language is found apparently for the first time. The section of the Code of Civil Procedure is derived from section 298 of the Code of Procedure, but the latter contains no clause of tenor similar to that which is quoted above.

There are two modes of examining a judgment debtor in supplementary proceedings under the provisions of the Code of Civil Procedure and under the provisions of the Civil Practice Act. The examination may be before a court or before a referee appointed by the court. In case the order, warrant or subpœna be returnable before the court and the examination of the judgment debtor took place before the court, the order, warrant or subpœna read in connection with the statute as it existed prior to the amendment of 1935 was implicit with notice to the judgment debtor that an application might be made on the return of the order or at the conclusion of the examination for the appointment of a receiver and no other notice of such application would be necessary, but where the examination was before a referee who could not appoint a receiver, so that a separate application for such appointment would have to be made to the court, the order to appear was not implicit with such notice, and accordingly notice of the application was necessary to be given to the judgment debtor as otherwise he would have been deprived of his property by the vesting of the same in the receiver without notice or an opportunity to be heard. Accordingly, in the only decision which I have been able to find (*Wilhelm* v. *Hayman,* 126 N. Y. Supp. 374), Judge OTTAWAY, then county judge of Chautauqua county, held that notice to the judgment debtor of the application for the appointment of a receiver was necessary where the examination took place before a referee. It is to be noted that the statute then provided for the appointment

on the return of the order, or at the conclusion of the examination, both terms being definite terms when the parties were in the presence of the court, if the examination took place in court. The amendment of 1935, which in terms permits the application to be made " upon or after the return day," is to be construed as referring to an application made during the course of an examination of the judgment debtor before the court, as any other construction would have the effect of leaving the time and place when an application for the appointment of a receiver might be made, indefinite, and the judgment debtor left in ignorance of the making of the application.

In my opinion the Civil Practice Act provision is to be construed as permitting the appointment of a receiver without notice to the judgment debtor only where the examination of the judgment debtor is by the court and then only on the return of the order, warrant or subpœna thereafter during the course of the examination or at the conclusion of the examination, and does not warrant an independent application to the court for such appointment without notice to the judgment debtor, even though the examination may not have been concluded. The application is either to be made while the parties are in court, and to the judge presiding over the examination, or it is to be upon notice.

This construction of the statute is in accordance with the pre-existing law and practice upon the provisions of the Code of Civil Procedure, section 2464, and the Code of Procedure, section 298. (*Wilhelm* v. *Hayman, supra; Ashley* v. *Turner,* 22 Hun, 226.)

This construction also complies with the familiar rule of construction which requires a statute to be so construed as to sustain its validity if that can be reasonably done. To hold that the statute permits the appointment of a receiver of a judgment debtor and the vesting of the judgment debtor's property in the receiver without any provision for notice to the judgment debtor of the application for such appointment and without any opportunity to be heard in his own behalf in relation thereto, would be to hold that the statute violates the constitutional provision against deprivation of property without due process of law contained in article I, section 6, of the Constitution of the State, and the Fourteenth Amendment to the Constitution of the United States.

As the order appointing the receiver in this cause was not made upon the return of the order to appear, warrant or subpœna, nor thereafter in the course of the examination, nor at the conclusion of the examination, the provision dispensing with notice of the application does not apply, notice to the judgment debtor thereof was required, and not having been given, the order should be vacated. The later order for an accounting and payment to the receiver necessarily falls with the order upon which it depends.